**UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANDREAS ECONOMOU | ) | |
| Plaintiff | ) | CIVIL ACTION – LAW |
| | ) | |
| v. | ) | No. 2:23-CV-04857-JMY |
| | ) | |
| BINYAM MEBRAHTOM and | ) | **JURY TRIAL DEMANDED** |
| MF TRUCKING, LLC | ) | |
| Defendants | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

---

## PROPOSED JOINT JURY INSTRUCTIONS

AND NOW come Plaintiff, Andreas Economou, and Defendants, Binyam Mebrahtom and

MF Trucking, LLC, by and through their undersigned attorneys, and file the instant Proposed Joint

Jury Instructions.

Respectfully submitted,

SIMON & SIMON                    PION, NERONE, GIRMAN
                                 & SMITH, P.C.


/s/ Anthony Canale               /s/ James DeCinti
By: _____    By: _____
Anthony Canale, Esquire          James DeCinti, Esquire
Attorney I.D. No. 321049         Attorney I.D. No. 77421
18 Campus Blvd., Suite 100       2404 Park Drive, Suite 404
Newton Square, PA 19073          Harrisburg, PA 17110-9303
anthonycanale@gosimon.com        jdecinti@pionlaw.com

*Counsel for Plaintiff*          *Counsel for Defendants*

1

1.      I have mentioned the word "evidence" and will use that term more during these instructions. "Evidence" includes the testimony of witnesses. Evidence also includes documents and other exhibits admitted during the trial. Certain things are *not* evidence, and you cannot base your verdict upon them. I will now describe what is *not* evidence:

1.   The lawyers are *not* witnesses and what they say is *not* evidence in the case.  Their opening statements, arguments, questions, comments, and closing arguments are not evidence.

2.   Anything you see or hear about this case outside the courtroom is not evidence and should never be considered by you in reaching your verdict.

3.   I may strike from the record certain statements or exhibits. If that happens, I will tell you what you may not consider as evidence.

Pa. SSJI (Civ), §1.190.

2.      The evidence presented to you may be either *direct* or *circumstantial evidence*.

*Direct evidence* is testimony about what a witness personally saw, heard, or did.

*Circumstantial evidence* is testimony about one or more facts that logically lead you to believe the truth of another fact.

You should consider both *direct* and *circumstantial evidence* in reaching your verdict. You may decide the facts in this case based upon circumstantial evidence alone.


Pa. SSJI (Civ), § 4.00.

3.    The exhibits that have been identified and received in evidence are now being shown to you for your careful examination, without discussion at this time, to aid you in understanding the testimony.

Pa. SSJI (Civ), § 2.80.

4.    Under the law, the Plaintiff has the burden of proving his claim.

This is a civil case, not a criminal case. The burden of proof in a civil case is different from the burden of proof in a criminal case. In a civil case, plaintiffs must prove their claims by a legal standard called a "preponderance of the evidence." Preponderance of the evidence means that a fact is more likely true than not.

Think about the scales of justice or an old-fashioned balance scale with a pan on each side to hold objects. Imagine using the scale as you deliberate in the jury room. Place all the believable evidence favorable to Plaintiff in one pan. Place all the believable evidence favorable to Defendants in the other. If the scales tip, even slightly, to the Plaintiff's side, then the Plaintiff has met his burden of proving that fact. If, however, the scales tip even slightly on Defendants' side, or if the two sides of the scale balance equally, the Plaintiff has not met his burden of proof. Plaintiff has the burden of proving that each of the following is more likely true than not:

1. Defendants were negligent; and

2. Defendants' negligence was a factual cause in bringing about the Plaintiff's injuries.

The Plaintiff also has the burden of proving the extent of damages caused by the Defendants' negligence.

Pa. SSJI (Civ), § 5.00.

5.      A principal is legally responsible for an employee's negligent conduct.

In this case, Defendant, MF Trucking, LLC, admits that Defendant, Binyam Mebrahtom, was its employee, and that Binyam Mebrahtom was driving the tractor-trailer for his job.

Pa. SSJI (Civ), § 6.20.

6.      In this case, Defendants have admitted that Defendant, Binyam Mebrahtom, while within the course and scope of his employment with Defendant, MF Trucking, LLC, was negligent and caused the accident.

Therefore, the only issues you must decide are:

1.      whether the negligence of Defendant, Binyam Mebrahtom, was a factual cause in bringing about Plaintiff's alleged injuries and harm; and

2.      if so, the amount of damages to which Plaintiff is entitled.

Pa. SSJI (Civ), §13.250.

7.     In order for the Plaintiff to recover in this case, the Defendants' negligent conduct must have been a factual cause in bringing about harm. Conduct is a factual cause of harm when the harm would not have occurred absent the conduct. To be a factual cause, the conduct must have been an actual, real factor in causing the harm, even if the result is unusual or unexpected. A factual cause cannot be an imaginary or fanciful factor having no connection or only an insignificant connection with the harm.

To be a factual cause, the Defendants' conduct need not be the only factual cause. The fact that some other causes concur with Defendants' negligence in producing an injury does not relieve the Defendants from liability as long as their own negligence is a factual cause of the injury.

Pa. SSJI (Civ.), § 13.20.

8.      Before this trial began, the lawyers for the parties questioned _____ under oath and the court reporter recorded everything the witness and the lawyers said. This is called a deposition.

You [will now hear] [have heard] that sworn testimony. This witness's testimony is entitled to the same consideration as if they testified in court. You should use the same factors to evaluate the believability of this testimony as if they testified in person in the courtroom.

Pa. SSJI (Civ), § 3.00.

9.      As judges of the facts, you decide the believability of the witnesses' testimony. This means that you decide the truthfulness and accuracy of each witness's testimony and whether to believe all, or part, or none of each witness's testimony.

The following are some of the factors that you may and should consider when determining the believability of the witnesses and their testimony:

a.      How well could each witness see, hear, or know the things about which he or she testified?

b.      How well could each witness remember and describe those things?

c.      Was the ability of the witness to see, hear, know, remember, or describe those things affected by age or any physical, mental, or intellectual disability?

d.      Did the witness testify in a convincing manner? How did the witness look, act, and speak while testifying?

e.      Was the witness's testimony uncertain, confused, self-contradictory, or presented in an evasive manner?

f.      Did the witness have any interest in the outcome of this case, or any bias, or any prejudice, or any other motive that might have affected his or her testimony?

g.      Was a witness's testimony contradicted or supported by other witnesses' testimony or other evidence?

h.      Does the testimony make sense?

i.      If you believe some part of the testimony of a witness to be inaccurate, consider whether that inaccuracy cast doubt upon the rest of that same witness's testimony. You should consider whether the inaccuracy is in an important matter or a minor detail. You should also consider any possible explanation for the inaccuracy. Did the witness make

an honest mistake or simply forget, or was there a deliberate attempt to present false testimony?

j.       If you decide that a witness intentionally lied about a significant fact that may affect the outcome of the case, you may, for that reason alone, choose to disbelieve the rest of that witness's testimony. But, you are not required to do so.

k.       As you decide the believability of each witness's testimony, you will at the same time decide the believability of other witnesses and other evidence in the case.

l.       If there is a conflict in the testimony, you must decide which, if any, testimony you believe is true.

As the only judges of believability and facts in this case, you, the jurors, are responsible to give the testimony of every witness, and all the other evidence, whatever weight you think it is entitled to receive.

Pa. SSJI (Civ), § 4.20.

10.    You may find inconsistencies *within* the testimony of a single witness, or conflicts *between* the testimony of several witnesses. Conflicts or inconsistencies do not necessarily mean that a witness intentionally lied. Sometimes two or more persons witnessing the same [accident] [incident] see, hear, or remember it differently. Sometimes a witness remembers incorrectly or forgets. If the testimony of a witness seems inconsistent within itself, or if the testimony given by several witnesses conflicts, you should try to *reconcile* the differences. If you cannot reconcile the differences, you must then decide which testimony, if any, you believe.

Pa. SSJI (Civ), § 4.30.

11.    You may have heard evidence that a witness made an earlier statement inconsistent with his or her testimony in court. You may consider the earlier statement to evaluate the believability, in other words, the truthfulness and accuracy of the witness's testimony in court.

Pa. SSJI (Civ), § 4.50.

12.    You are not required to accept everything or anything that the Plaintiff said, even if his testimony was uncontradicted.

*Bronchak v. Rebmann*, 397 A.2d 438, 440 (Pa. Super. 1979).

13.    During the trial you have heard testimony from both *fact* witnesses and *expert* witnesses.

To assist juries in deciding cases such as this one, involving scientific, technical, or other specialized knowledge beyond that possessed by a layperson, the law allows an expert witness with special education and experience to present opinion testimony.

An expert witness gives his or her opinion, to a reasonable degree of professional certainty, based upon the assumption of certain facts. You do not have to accept an expert's opinion just because they are considered an expert in their field.

In evaluating an expert witness's testimony, and in resolving any conflicting expert witness's testimony, you should consider the following:

a.    the witness's knowledge, skill, experience, training, and education, and

b.    whether you find that the facts the witness relied upon in reaching their opinion are accurate, and

c.    all the believability factors I have given to you.

Pa. SSJI (Civ), § 4.80.

14.    In resolving any conflict that may exist in the testimony of expert witnesses, you are entitled to weigh the opinion of one expert against that of another. In doing this you should consider the relative qualifications and reliability of the expert witnesses, as well as the reasons for each opinion and the facts and other matters upon which it was based.

Pa. SSJI (Civ), § 4.100.

15.    You must "weigh the evidence" and "evaluate the believability of the witnesses" in order to decide the facts in this case.

The *number* of witnesses and the number of exhibits offered by a party does not, alone, decide the weight of the evidence.

The believable testimony of one witness presented by one party may outweigh the testimony of many witnesses presented by another party.

Only if the evidence presented by the parties seems equally believable in weight and believability, should you consider the number of witnesses presented by a party in reaching your verdict.

Pa. SSJI (Civ), § 5.20.

16.    I have not indicated any opinion on my part concerning the weight you should give to the evidence or to any part of it. I do not want you to think that I have. It is up to you and you alone to decide the believability of each witness.

Pa. SSJI (Civ), § 4.110.

17.     If you find that Defendants' negligence caused the Plaintiff's injuries, you must then determine an amount of money damages you find will fairly and adequately compensate the Plaintiff for all the physical and financial harm he has sustained as a result.

The amount you award today must compensate the Plaintiff completely for damages sustained from the time of the harm up to today, as well as damages the Plaintiff will sustain in the future.

Pa. SSJI (Civ), § 7.00.

18.    It is Plaintiff's burden to establish by evidence such facts as will furnish the basis for your assessment of damages; the law requires not merely conjecture, but rather, sufficient information from which the damages may be assessed with reasonable certainty.

*Gordon v. Trovato*, 338 A.2d 653, 654, 657 (Pa. Super. 1975); *Stange v. Janssen Pharm., Inc.*, 179 A.3d 45, 67 (Pa. Super. 2018).

19.    Past medical expenses are all medical expenses Plaintiff incurred from the time of the accident up to today for the diagnosis and treatment of his injuries.

Medical expenses include *[list compensable medical expenses, e.g., physician services, hospital care, nursing care, drug costs, and rehabilitation]*.

Plaintiff alleges his past medical expenses are $_____.

To recover medical expenses, Plaintiff must prove that the medical care was reasonably required and that the *amount* of the expenses was reasonable.

Pa. SSJI (Civ), §7.20.

20.    A plaintiff who has a preexisting physical condition can recover damages if the defendants' negligence:

(1)    made worse a preexisting condition. In this regard, the defendants can be held responsible only for the harm or the aggravation of a preexisting physical condition that you find was factually caused by [name of defendant]'s negligence; and

(2)    factually caused harm worse than expected because of the plaintiff's preexisting condition.

Pa. SSJI (Civ), § 7.70.

21.    Damages for pain and suffering should not be awarded on the basis of sympathy, but should be limited to reasonable compensation for the injuries, if any, you find to be caused by the accident.  Pain and suffering is not measured by what the jury or some other person would charge to undergo the same pain.  The question to be determined is what is a reasonable allowance for the pain and suffering which is a direct result of the accident?  You must use your common sense to arrive at a figure.

*Littman v. Bell Tel. Co.*, 172 A. 687, 691 (Pa. 1934).

22.    If Plaintiff is entitled to recover damages, Plaintiff should be compensated with the least burden to the Defendants, consistent with the idea of fair compensation to the injured victim.

*Incollingo v. Ewing*, 282 A.2d 206, 229 (Pa. 1971).

23.    In determining the amount of damages, there should be no attempt by you to punish the Defendants.

*Murray v. Philadelphia Transp. Co.*, 58 A.2d 323, 324 (Pa. 1948); *Smith v. O'Connor*, 48 Pa. 218, 219 (1864).

## <u>CERTIFICATE OF SERVICE</u>

I, James DeCinti, Esquire, of the law firm of Pion, Nerone, Girman & Smith, P.C., counsel for the Defendants, hereby state that a true and correct copy of **PROPOSED JOINT JURY INSTRUCTIONS**, was served upon all counsel of record via the Eastern District of Pennsylvania's electronic case filing system, as follows:

**Anthony Canale, Esquire**
Simon & Simon
18 Campus Blvd., Suite 100
Newton Square, PA 19073
anthonycanale@gosimon.com
AngelinaAntenucci@gosimon.com
litigationmail@gosimon.com
*Counsel for Plaintiff*

**PION, NERONE, GIRMAN & SMITH, P.C.**

Date:   01/22/2025                    By:   _____
                                                James DeCinti, Esquire